UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC., :
    Plaintiff, :
:
    v. : Civ. No. 3:07CV775(AHN)
:
SENSOR SWITCH, INC., :
    Defendant. :

## RULING ON MOTION TO DISMISS

In this diversity action, Aztec Energy Partners, Inc. ("Aztec"), a Georgia corporation, alleges that Sensor Switch, Inc. ("Sensor Switch"), a Connecticut corporation, breached a contract between the parties. In its complaint, Aztec alleges breach of contract, unjust enrichment, statutory theft, conversion and unfair trade practices ("CUTPA"), resulting in actual damages of $344,118.96. Sensor Switch now moves to dismiss Aztec's complaint [doc. # 22], conversion, statutory theft and CUTPA claims.

## FACTS

Aztec was hired to install motion sensing products in Albertson's retail grocery stores and it allegedly entered into a contract with Sensor Switch to purchase those products. Aztec claims that Sensor Switch informed Aztec that it could return any unused or defective products for a full refund. On behalf of its subcontractors, Aztec returned several defective or unused products to Sensor Switch in February 2006 and it issued a refund. In March and April 2006, however, Aztec received

products from three of its subcontractors and returned them to Sensor Switch with appropriate documentation, but Sensor Switch refused to issue a refund. Instead, it offered to rework the products and return them to Aztec. Aztec rejected this offer and demanded a refund. Sensor Switch refused and sold the products that Aztec returned to it to another business.

In its motion to dismiss, Sensor Switch argues that Aztec has failed to allege facts in its complaint to establish its claims for conversion, statutory theft and CUTPA in a legally sufficient manner.

## STANDARD

In a motion to dismiss pursuant to Rule 12(b)(6), the court "takes well-pleaded facts as true and draws all reasonable inferences in favor of plaintiff," and "merely assess[es] the legal feasability of the complaint." See A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 306 (D. Conn. 2005)(citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984). However, the long-standing principle recently restated in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), that a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief," is no longer

the appropriate standard. See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1960, 1964-65 (2007) (holding that a plaintiff must provide the grounds on which he is entitled to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do"). The Second Circuit interpreted the holding in Bell Atlantic and adopted a "flexible plausibility standard," which "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In light of the new "flexible plausibility standard," the claims Sensor Switch seeks to dismiss will be examined.

## DISCUSSION

Sensor Switch argues that this case involves a breach of contract claim and nothing more. Aztec counters that Sensor Switch's refusal to issue a refund for the returned products and its subsequent resale of the products to another business support its additional claims for conversion, statutory theft and unfair trade practices.

A. Count Three - Conversion

Aztec alleges that Sensor Switch committed the tort of conversion by retaining the returned products and reselling

them.[1]  In its complaint, Aztec states that "[t]hrough its actions described above, Sensor Switch, without authorization, assumed and exercised ownership over property belonging to Aztec Energy Partners, to the exclusion of Aztec Energy Partners' rights . . . . As a result of Sensor Switch's actions, Aztec Energy Partners has been damaged in the amount of $344,118.96." (Pl.'s Compl. ¶¶ 32-33).  Aztec argues that it owned the returned products because it paid for them.

To maintain a claim for conversion in Connecticut, Aztec must allege: "[a]n unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights . . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm." Aetna Life & Cas. Co. v. Union Trust Co., 230 Conn. 779, 790-91 (1994) (Internal quotation marks omitted); see also D. Wright & J. Fitzgerald, Connecticut Law of Torts (2d Ed. 1968) § 25, p.28 ("[a]n action of conversion is a suit for damages by the owner of a chattel, or by one entitled to the immediate possession of the chattel, against one who has wrongfully appropriated the chattel or has tampered with the

---

[1] Aztec clarified in its response that its claims for statutory theft and conversion are premised only on Sensor Switch's unauthorized control of the products Aztec bought from it, not the refund or monetary credit Aztec alleges that Sensor Switch owed to it.

4

chattel in derogation of the rights of the rightful owner or possessor").

Here, Sensor Switch did not "wrongfully appropriate" the products; Aztec authorized Sensor Switch's possession of the products when it voluntarily sent them back to Sensor Switch. Aztec explicitly states in its complaint that it did not want Sensor Switch to return the products to it and refused to accept Sensor Switch's proposal to rework the products and send them back to Aztec. Indeed, even if Aztec had properly alleged that it had a right to control or possess the products, "there can be no wrongful assertion of dominion and control where property is voluntarily transferred to the defendant by the owner." In re Alper-Richman Furs, Ltd., 147 B.R. 140, 151 (N.D. Ill. 1992).[2]

---

[2] In support of its argument that its claim for conversion should not be dismissed, Aztec cites Nat'l Elec. Coil, Inc. v. Schilberg Integrated Metals Corp., No. CV020818366S, 2004 WL 424081, at *2 (Conn. Super. Ct. Feb. 18, 2004). There, the court denied the defendant's motion to strike a conversion claim because the plaintiff gave the defendant scrap copper to convert into cathodes and to return it, which suggested a bailment existed between that parties and supported the plaintiff's claim of continued ownership of the copper. See Priority Finishing Corp. v. Hartford Steam Boiler Inspection & Ins. Co., No. CV940544055S, 1998 WL 731081, at *6 (Conn. Super. Ct. Oct. 6, 1998)(stating that a bailment occurs when raw goods are given to another to turn them into finished goods). The court stated that the conversion claim could not be stricken because "whether the transaction is found to be a bailment or a contract for sale of goods must await the evidence at trial." Id. at *6. The significant difference here is that Aztec clearly alleges that a contract is at issue and refused Sensor Switch's offer to return the products. Factually and legally, the case is distinguishable.

5

Aztec waived its right to exercise control over the products and this waiver is fatal to its conversion claim. See Sanchez v. Forty's Texaco Svc., Inc., 5 Conn. App. 438, 439-40 (1985) (holding that when the plaintiff left her car at defendant service station and failed to retrieve it when repairs were complete, she could not succeed on her claim for conversion against the defendant when it sold her car at auction).

Provisions of the Uniform Commercial Code also support Sensor Switch's argument that Aztec's conversion claim should be dismissed. Normally, with a sale of goods, "title passes to the buyer at the time and place at which the seller completes . . . physical delivery of the goods." See Conn. Gen. Stat. § 42a-2-401(2). Aztec alleges, however, that it "could return unused and defective products [to Sensor Switch] in exchange for [full] credit" and that it did in fact return some of the products pursuant to this arrangement. (Pl.'s Compl. ¶¶ 10, 14). Connecticut General Statutes § 42a-2-401(4) provides:

> (4) A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance <u>revests title</u> to the goods in the <u>seller</u>. Such revesting occurs by operation of law and is not a "sale."

Conn. Gen. Stat. § 42a-2-401(4)(emphasis added). This Connecticut UCC provision encompasses exactly what Aztec alleges in its complaint - its ability to return products to Sensor Switch, no matter the reason. Hence, under the UCC, and

consistent with the allegations in its complaint, Aztec relinquished title to the products when it returned them to Sensor Switch. See In re Charlie Bisang Chrysler-Plymouth, Inc., 24 B.R. 350, 365 (N.D. Ohio 1982), aff'd, 37 B.R. 604 (N.D. Ohio 1983) (noting that when a buyer has the option to return products that it purchased to the seller, and does return the products, the buyer revests title in the seller "even if [the] seller has been paid and has not refunded the purchase price").[3]

Clearly, Aztec expected to receive a refund in exchange for returning the products and relinquishing title to them, but that is a claim sounding in breach of contract, not conversion. "A mere allegation to pay money may not be enforced by a conversion action . . . and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied." Macomber v. Travelers Prop. & Cas. Co., 261 Conn. 620, 650 (2002) (citing Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. App. 1970). Aztec specifically states, however, that the money

---

[3] There is no Connecticut case that interprets this particular section of the Uniform Commercial Code as adopted in Connecticut. However, the court may refer to decisions in other courts to aid it in construing the Connecticut Uniform Commercial Code. See Connecticut Nat'l Bank v. Giacomi, 233 Conn. 304, 326 (1995). Aztec argues that § 42a-2-401(4) only applies to a buyer's revocation of acceptance upon the delivery of goods, and cites to Tennessee-Virginia Constr. Co. v. Willingham, 160 S.E.2d 444 (Ga. App. 1968) in support of its position. On the contrary, Willingham states that a buyer may revoke his acceptance and revest title in the seller after he accepts delivery of the goods. Id. at 447.

7

it paid to Sensor Switch is not the object of its conversion claim and therefore the court will not address this issue further.

Aztec cannot maintain a claim for conversion, i.e., a claim that Sensor Switch exercised unauthorized control over the products, when Aztec clearly stated in its complaint that it had no need for the products, it did not want the products, and it sought only monetary credit for its return of the products. Accordingly, Aztec's conversion claim fails and it shall be dismissed.

B. Count Four - Statutory Theft

In Count Four, the plaintiff alleges that Sensor Switch "intended to deprive Aztec Energy Partners of its property or to appropriate the same" and that "Sensor Switch wrongfully took, obtained or withheld Aztec Energy Partners' property from Aztec Energy Partners, in violation of Conn. Gen. Stat. § 52-564."[4] (Pl.'s Compl. ¶¶ 35-36.) Statutory theft is "synonymous with larceny under General Statutes § 53a-119."[5] Hi-Ho Tower, Inc. v.

---

[4] Section 52-564 states simply: "Treble damages for theft. Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." See Conn. Gen. Stat. § 52-564.

[5] "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." See Conn. Gen. Stat. § 53a-119.

8

Com-Tronics, Inc., 255 Conn. 20, 44 (2000). Therefore, to establish a claim for statutory theft, a plaintiff must plead and prove: 1) the products belonged to Aztec; 2) Sensor Switch intentionally deprived Aztec of its products; and 3) that Sensor Switch's conduct was unauthorized. See Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 309 (1993). Statutory theft is different from conversion in two ways: "first, statutory theft requires an intent to deprive another of his property; second, conversion requires the owner to be harmed by defendant's conduct." See Suarez-Negrete v. Trotta, 47 Conn. App. 517, 520-22 (1998).

Aztec alleges that the products from Sensor Switch belonged to it, even though it voluntarily sent the products back to Sensor Switch. Indeed, it refused to accept the products when Sensor Switch offered to rework them and attempted to return them to Aztec. It seems that the only thing Aztec wanted then - and now - is a refund. As stated in the previous section, Aztec has failed to adequately allege that it owned the products once it voluntarily returned them to Sensor Switch. In addition, Sensor Switch's willingness to give the products back to Aztec (which Aztec clearly states in its complaint) is inconsistent with larcenous intent to wrongfully take, obtain or withhold the products that Aztec asserts that it rightfully owns. See Conn. Gen. Stat. § 53a-119. The facts alleged in the complaint do not

9

support a claim for statutory theft. Accordingly, the court must dismiss Count Four of Aztec's complaint.

C. Count Five - Connecticut Unfair Trade Practices Act ("CUTPA")

Aztec alleges that Sensor Switch "refused to provide Aztec Energy Partners with credit for all of the returned products because Aztec Energy Partners did not have an immediate need for additional and substantial product purchases from Sensor Switch." (Pl.'s Compl. ¶ 39.) Sensor Switch thereby "engaged in a deceptive trade practice or a practice amounting to a violation of public policy in the conduct of trade and commerce" in violation of CUTPA and has caused Aztec "substantial injury" in the amount of $344,118.96. (Pl.'s Compl. ¶¶ 40-41.)

Section 42-110b(a) of the Connecticut General Statutes provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." See Conn. Gen. Stat. § 42-110b(a). To determine whether a business practice violates CUTPA, Connecticut courts follow the Federal Trade Commission's "cigarette rule," namely, whether Sensor Switch's conduct: "(i) offends public policy as it has been established by statutes, the common law, or otherwise; (ii) is immoral, unethical, oppressive, or unscrupulous; or (iii) causes substantial injury to consumers or other businesses." Omega Eng'g v. Eastman Kodak Co., 30 F. Supp. 2d 226, 260 (D. Conn. 1998). An unfair business practice

under CUTPA can strongly satisfy just one of the criteria or it may satisfy all three criteria to a lesser degree; the criteria are disjunctive. See Willow Springs Condo. Assn., Inc. v. Seventh BRT Dev. Corp., 245 Conn. 1, 43 (1998). However, a "simple breach of contract does not offend traditional notions of fairness" and does not violate CUTPA. Boulevard Assocs. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1038 (2d Cir. 1995). Aztec must allege "sufficient aggravating circumstances" beyond a mere breach of contract to adequately state a claim for a violation of CUTPA. See A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 312 (D. Conn. 2005).

Here, the only deceptive practice that Aztec alleges is that Sensor Switch refused to provide credit to Aztec for the returned products because Aztec did not plan to purchase more products from it. With this sole allegation, Aztec cannot satisfy the cigarette rule test to establish a CUTPA violation.[6] First, even if the court assumes that Sensor Switch's refusal to provide a

---

[6] Aztec points to the facts in United Steel Inc. v. Haynes Constr. Corp., No. CV054003365S, 2006 WL 2734307, at *2 (Conn. Super. Ct. Sept. 12, 2006) in support of its position that Sensor Switch's actions go beyond a mere breach of contract and constitute a violation of CUTPA. United Steel, however, is inapposite. There, the defendant construction company submitted a false claim for payment and "unscrupulously threatened" the construction project schedule to leverage more favorable contract terms for itself. See id. Aztec has not alleged that Sensor Switch engaged in this type of behavior and thus the allegations fail to rise to the level of a CUTPA violation.

credit to Aztec is unfair, Sensor Switch's conduct does not rise to a level that suggests substantial misconduct that offends public policy, such as where one of the parties is at a disadvantage in its bargaining position and the other party takes advantage of that fact. See Gebbie v. Cadle Co., 49 Conn. App. 265, 278-79 (1998)(holding that mortgagee's breach of agreement with mortgagors violated public policy). The parties are both corporations and there is no indication that one party has less negotiating power than the other. Second, Aztec alleges that Sensor Switch failed to remit a refund to it for the returned products pursuant to the terms to which Aztec and Sensor Switch agreed. Aztec further alleges that Sensor Switch sold the products in question to another buyer. If what Aztec alleges proves to be true, Sensor Switch breached its contract with Aztec, but a simple breach of contract cannot be described as "immoral, unethical, oppressive, or unscrupulous." See Boulevard Assocs., 72 F.3d at 1038. Third, Aztec did not allege in its complaint that Sensor Switch has engaged in this type of conduct with any other businesses other than with Aztec. Absent any allegations that other consumers or businesses were injured by Sensor Switch's business practices, Aztec cannot establish a CUTPA violation on the third prong of the test. In fact, Aztec cannot satisfy any of the three prongs of the CUTPA criteria. Accordingly, Aztec's claim for a CUTPA violation is dismissed as

legally deficient.

## CONCLUSION

For the forgoing reasons, Sensor Switch's motion to dismiss counts three, four, and five of the plaintiff's complaint [doc. # 22] is GRANTED. Aztec is directed to amend its complaint accordingly and file it with the court within thirty days of the entry of this ruling.

SO ORDERED this _1st_ day of October 2007, at Bridgeport, Connecticut.

```
            _____/s/_____
                  Alan H. Nevas
              United States District Judge
```