UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC., :
    Plaintiff, :
     :
    v. : Civ. No. 3:07CV775(AHN)
     :
SENSOR SWITCH, INC., :
    Defendant. :

RULING ON MOTION TO COMPEL AND FOR PROTECTIVE ORDER

Pending before the court is Aztec Energy Partners, Inc.'s ("Aztec") motion to compel and for protective order [doc. # 44]. For the reasons that follow, Aztec's motion is granted in part and denied in part.

BACKGROUND

Aztec was hired to install motion sensing products in Albertson's retail grocery stores, and Aztec entered into a contract with defendant Sensor Switch, Inc. ("Sensor Switch") to purchase those products. Aztec claims that Sensor Switch informed Aztec that it could return any unused or defective products for a full refund. In March and April 2006, however, three subcontractors for Aztec returned products to Sensor Switch but Sensor Switch refused to issue a refund. Instead, it offered to rework the products and return them to Aztec. Aztec refused this offer and demanded a refund. Sensor Switch refused to issue a refund and sold the products that Aztec returned to it to another business. Aztec's complaint against Sensor Switch alleges breach of contract and unjust enrichment, resulting in

actual damages of $344,118.96.

DISCUSSION

Aztec has filed a motion to compel and for protective order. Aztec argues that Sensor Switch failed to answer interrogatories 13 through 18 in an adequate fashion, and that Sensor Switch has noticed Aztec's corporate executives' and employee's depositions for Hartford, Connecticut, though the executives reside in Georgia and the employee resides in Indiana.

I. Motion to Compel

Aztec argues that Sensor Switch's responses to interrogatories 13-18 were insufficient. In those interrogatories, Aztec seeks to determine the types of modifications Sensor Switch made to the products that Aztec returned, as well as how many of the products Sensor Switch considered obsolete and had to discard. Sensor Switch argues that it already answered Aztec's interrogatories in the affirmative regarding whether products had to be reworked or discarded, and argues that any further information is irrelevant.

Discovery of matters "relevant to the subject matter involved in the action" is appropriate. See Fed. R. Civ. P. 26(b)(1). Additionally, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action. . . ." 6 James Wm. Moore, et al., Moore's Federal Practice § 26.41[6][c] (3d ed.

2

2002)(citing Fed. R. Civ. P. 26(b)(1) advisory committee note (2000)).

The court agrees that Aztec is entitled to more complete and quantitative answers to its interrogatories. The interrogatories at issue are drafted in this general form:

> Please describe any and all modifications, alterations, adjustments, revisions or updates to Defendants' products [product model numbers] whether to software, hardware, or other components, from January 1, 2005 through the date of the commencement of this action.

Interrogatories 13 through 18 are directly relevant to Aztec's unjust enrichment claim, because Sensor Switch sold the products first to Aztec and then re-sold the returned products to other companies. In addition, Sensor Switch issued a $42,000 credit to Aztec for approximately $344,000 worth of products. To aid in the determination of whether Sensor Switch was unjustly enriched by approximately $302,000, Sensor Switch shall provide to Aztec general information about modifications it made to the specific products that Aztec returned so that the products could be re-sold and which product types had to be discarded.[1]

Sensor Switch resists producing the information Aztec seeks because it maintains that it could consist of trade secrets and other proprietary information. Should a protective order be

---

[1] The court notes that Aztec did not request specific quantities in its interrogatories, but in the interest of judicial efficiency, Sensor Switch shall provide that information to the extent that it has records of the amount of each product type that it modified or discarded.

3

required to protect Sensor Switch's proprietary information, counsel for both parties shall draft a mutually satisfactory protective order by March 24, 2008 and file it with the court. Should the parties be unable to reach an agreement on the language of the protective order, the parties each shall submit a draft protective order to the court by March 31, 2008 and the court will determine the language of the order.

II. <u>Motion for Protective Order</u>

Sensor Switch seeks to depose three of Aztec's officers or employees: Anthony Tippins, president of Aztec, who lives in Conyers, Georgia; Michael Sweda, chief financial officer of Aztec, who also lives in Conyers, Georgia; and Dennis Brown, an Aztec account manager who lives in Granger, Indiana.[2] Sensor Switch has noticed the depositions of Aztec's executives and employee for Hartford, Connecticut, and Aztec seeks a protective order pursuant to Fed. R. Civ. P. 26(c), arguing that its executives and employee should not be forced to travel to Connecticut for their depositions. Because Aztec has failed to meet its burden, the court declines to issue a protective order.

---

[2] Aztec has agreed to arrange for Dennis Brown to be made available in Atlanta, Georgia along with the other two company executives. In turn, Aztec also seeks to depose three of Sensor Switch's officers or employees: Beverly Platner and Brian Platner, principals of Sensor Switch, who live in Hartford, Connecticut; and Ken Lacos, a Sensor Switch regional manager who lives in Irvine, California. Counsel for Sensor Switch represented in an email to Aztec dated February 11, 2008 that he would make Mr. Lacos available in Hartford.

4

As a general rule, the party that notices the deposition "usually has the right to choose the location." Buzzeo v. Board of Ed., 178 F.R.D. 390, 392 (E.D.N.Y. 1998). This rule is based on the concept that the plaintiffs brought the lawsuit and exercised their choice of forum, and the defendants did not come before the court by choice. Id. In addition, "the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents." Media Group, Inc. v. In-Finn-ity Productions, Inc., No. 3:99cv1014, 2000 WL 303221, *1 (D. Conn. Feb. 1, 2000). Only if a plaintiff can demonstrate special circumstances, such as financial hardship or some other burden that outweighs any prejudice to the defendant, will the court issue a protective order to allow the plaintiff to be deposed outside the forum. See Seuthe v. Renwal Prods., Inc., 38 F.R.D. 323, 324 (S.D.N.Y. 1965)(holding that a German plaintiff's vague statements regarding financial hardship were insufficient to quash a subpoena for his deposition in New York, the forum state). However, when a corporation is a party, there is also a general presumption "in favor of conducting depositions of a corporation in its principal place of business," Media Group, Inc., 2000 WL 303221 at *1, but "[b]ecause courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decisional rule that facilitates determination when other relevant factors do not

5

favor one side over the other." Buzzeo, 178 F.R.D. at 392 (citations omitted).

Here, Aztec has failed to show that it would suffer any hardship or burden if its two executives traveled to Connecticut for their depositions. Counsel for Aztec stated that Aztec's management group is small, but that is not sufficient to outweigh the prejudice to Sensor Switch if it were forced to travel to Aztec's principal place of business in Georgia. Presumably, one of Aztec's executives already plans to attend the depositions of Sensor Switch's company representatives in Connecticut and Aztec has local counsel in Connecticut as well. Aztec has not demonstrated any hardship by having one of its corporate executives stay in Connecticut an additional day for his deposition and have the other executive travel to Connecticut for a day. Accordingly, a protective order will not issue.

With respect to Aztec's employee in Indiana that Sensor Switch seeks to depose, he is not an officer and cannot be deposed by notice unless Aztec agrees to make him available. See Schindler Elevator Corp. v. Otis Elevator Co., 2007 WL 1771509, *2 (S.D.N.Y. June 18, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice."). According to the Federal Rules, he should not have to be deposed outside of the 100-mile radius of his residence and must be subpoenaed. See Fed. R. Civ.

P. 45(d)(2); Wright & Miller, 8A Fed. Prac & Proc. § 2103 ("Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness . . . [and h]is or her presence must be obtained by subpoena rather than by notice").

Sensor Switch, however, also has an employee who resides in California that Aztec seeks to depose. The court urges the parties to engage in discussions regarding potential deposition locations and dates that promote an efficient discovery process.

## CONCLUSION

For the foregoing reasons, Aztec's motion to compel and for protective order [doc. # 44] is GRANTED IN PART and DENIED IN PART. Insofar as Aztec seeks to have Sensor Switch provide more detailed and complete answers to Aztec's interrogatories 13 through 18, the motion is GRANTED. Insofar as Aztec seeks for this court to issue a protective order shielding its executives from being deposed in Connecticut, the motion is DENIED.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED this _17th_ day of March, 2008 at Bridgeport, Connecticut.

                                          _____/s/_____
                                          Holly B. Fitzsimmons
                                          United States Magistrate Judge