UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AZTEC ENERGY PARTNERS, INC | : |
| | : |
| | : CIV. NO. 3:07CV771 (AHN) |
| v. | : |
| | : |
| SENSOR SWITCH, INC. | : |
| | : |

<u>DISCOVERY RULING</u>: Defendant's Motion to Compel [Doc. #65]

Pending is Defendant's Motion to Compel [Doc. #65]. Two issues are raised in Aztec's Motion to Compel: (1)Whether or not Sensor Switch's employees should be allowed to see Aztec's profit and margin information redacted from their document production and (2) Whether Aztec failed to institute a litigation hold. After careful consideration, Defendant's Motion to Compel **[Doc. #65]** is **DENIED**.

<u>Background</u>

In early 2005, Aztec began a large project installing motion sensing equipment for Albertsons, Inc. Albertsons instructed Aztec to use Sensor Switch's motion-sensing equipment for the project. In April 2005, Aztec and Sensor Switch reached an agreement regarding the purchase and return of Sensor Switch's products. The complaint alleges that Aztec and Sensor Switch agreed that Aztec would purchase equipment from Sensor Switch for installation in each store and, upon completion of the project, any unused or defective product that Aztec had purchased from Sensor Switch could be returned for full credit. In early 2006, Aztec returned unused and defective products to Sensor Switch;

1

however, Sensor Switch refused to provide full credit to Aztec for the returns. Sensor Switch denies that any such agreement ever existed between the parties.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

The Spreadsheets

Aztec produced the spreadsheets at issue with its confidential business information redacted, however Aztec also offered to produce them to Sensor Switch's counsel in an unredacted form, provided that they are not shared with any of Sensor Switch's employees. Sensor Switch wants the spreadsheets produced without any redactions.

The spreadsheets consist of two types of documents. The first type are spreadsheets that contain purchase order numbers transmitted between Albertsons and Aztec at the beginning of the

project in early 2005.  The second type of spreadsheets are those used internally by Aztec for project management and billing. These spreadsheets contain sensitive pricing, profit and margin information and were maintained confidentially.  This second group of spreadsheets has never been transmitted to Alberstons, or any other third party.

Dennis Brown was the project manager of the Albertson/Sensor Switch project and the creator of the original spreadsheet. Despite his intimate knowledge of the spreadsheets and the fact that this motion was filed before his deposition, Sensor Switch did not ask Mr. Brown about them at his deposition. Moreover, none of the spreadsheets at issue wwas produced or marked as an exhibit at Brown's deposition.  Sensor Switch's failure to examine Mr. Brown with respect to any of the spreadsheets belies its claim that those spreadsheets are critical at this juncture.

Sensor Switch argues that the redacted information would show whether or not Aztec was unjustly enriched.  However, counsel stipulated at oral argument that Aztec made money on this deal.

Aztec will produce an unredacted version of the spreadsheets at issue subject to an attorneys eyes only designation within five days of the date of this ruling. Sensor Switch will have five days to review the spreadsheets and renew its motion for further disclosure, if necessary.

<u>Preservation of Documents</u>

Plaintiff claims that Aztec failed to institute a timely litigation hold and that, as a result, relevant documents were

lost or destroyed.

The three Aztec employees most intimately involved in the events that lead to this lawsuit testified regarding the time period in which they discussed the necessity of saving all relevant documents. According to Anthony Tippins, that conversation occurred in or about March or April of 2006. Mike Sweda testified that it occurred in the first or second quarter of 2006. Dennis Brown stated that the conversation occurred between April 23 and May 26, 2006. While this testimony is arguably inconsistent, not recalling the specific date of this preservation conversation is not enough to allege foul play.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 26th day of September 2008.

\_\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE